UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JERRY D. WHITE, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 3:15 CV 052 |
|  | ) |  |
| SUPERINTENDENT | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

Jerry D. White, a *pro se* prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2007 convictions for attempted murder and criminal confinement in Elkhart County. *State v. White*, 20C01-0701-FA-1. In deciding the petition, the Court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). On appeal from the denial of post-conviction relief, the Indiana Court of Appeals set forth the facts surrounding White's offenses as follows:

> On the night of January 19, 2007, Kimberly Walker and her sister, Pamela Walker, returned to Kimberly's residence. Kimberly was with her four children, Ja.W., Ju.W., Ky.W., and Ka.W.; and Pamela was with her two children, N.T. [ ] and J.J., and her boyfriend, Lathie Turnage. Unbeknownst to anyone in the group, White, the father of Kimberly's children, was in the house. White used to live in the residence with Kimberly and the children, but Kimberly had asked White to move out in November or December of 2006.
>
> Turnage, Pamela, and N.T. went into the front bedroom to lie down. A few minutes later, White entered the front bedroom, turned on the light, and told the three to come out of the room. After Pamela objected, White pulled out a handgun and repeated his demand. Pamela grabbed N.T. and began to exit the room, and Turnage began to get out of bed. White fired at Turnage, but missed. White then moved closer to Turnage and fired

again, this time striking Turnage in the left temple. Turnage fell back into the wall and then slumped to the floor.

Pamela began to run to the front door with N.T., but came back because she realized that White was with J.J. White was still holding a gun and waving it around. White instructed Pamela to sit on a couch, and she complied. Kimberly, Ka.W., and Ky.W. were also on the couch. Ja.W. and Ju.W. were on the floor in front of the couch in their sleeping bags. White collected cell phones. At some point, J.J. attempted to leave out the back door, but White demanded that he not leave the house.

At some point during the night, Turnage made a noise, and the group realized that he was not dead. Throughout the rest of the night and following morning, Pamela asked if she could get help for Turnage. White denied her requests.

Around 10:00 a.m. the following morning, White took Kimberly and their four children to a motel, where they stayed until January 23, when police discovered their location and apprehended White. As soon as White left the residence, Pamela called 911. Emergency responders transported Turnage to the hospital. Turnage survived, but suffered what appears to be permanent blindness.

The State ultimately charged White with attempted murder for shooting Turnage; four counts of Class B felony confinement, two with regard to Kimberly, and one each with regard to Pamela and Turnage; two counts of Class C felony confinement with regard to J.J. and N.T.; and two counts of Class D felony confinement with regard to Ju.W. and Ja.W.

On November 26 through 28, 2007, the trial court held a jury trial, at which the jury found White guilty of all counts.

* * *

The trial court then sentenced White to consecutive terms of fifty years for attempted murder, twenty years for one count of Class B felony confinement, and ten years for one count of Class B felony confinement. The trial court also sentenced White to concurrent terms of twenty years for a third count of Class B felony confinement, eight years for each count of Class C felony confinement, one and one-half years for each count of Class D felony confinement. The trial court found that the fourth count of

> Class B felony confinement merged with another count, and declined to enter judgment on that count.
>
> *White v. State,* No. 20A03–0803–CR–115, slip op. at 2–5 (Ind.Ct .App. July 29, 2008), *trans. denied.* White appealed, challenging the sufficiency of the evidence and the appropriateness of his sentence. A panel of this Court affirmed his convictions and sentence. [The Indiana Supreme Court denied transfer on September 18, 2008. Ex. C.].
>
> Next, [On September 10, 2009] White filed a petition for post-conviction relief. [Ex. A at 4]. The court held a hearing, at which White was represented by counsel. The court denied White's petition.

*White v. State*, No. 20A03-1306-PC-238 (Ind. Ct. App. March 31, 2014), slip op. at 2-4.

Following an unsuccessful post-conviction process, White filed this federal habeas petition, alleging his trial counsel was ineffective. However, this petition is untimely.

Habeas corpus petitions are governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA imposes a strict one-year statute of limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right

has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

The only issue is whether White's petition was filed a year after the judgment became final. Here, White's conviction was affirmed by the Indiana Court of Appeals and the Indiana Supreme Court denied transfer on September 18, 2008. (DE 9-3.) The 1-year period of limitation from the expiration of the time for filing a petition for certiorari with the United State Supreme Court, results in the judgment becoming final on December 17, 2008. *See* Sup. Ct. R. 13(1) and *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54) ("[T]he judgment becomes final . . . when the time for pursuing direct review . . . expires."). Under 28 U.S.C. § 2244(d)(1)(A), White had one year from that date, until December 17, 2009, to file a timely habeas corpus petition, or to have a properly filed petition for post-conviction relief that served to toll the statute of limitations.

White filed a petition for post-conviction relief on September 10, 2009. (DE 1 at 17; DE 10-1.) At that time, 267 days of the statutory period ran. The state post-conviction proceeding tolled the statute of limitations until the Indiana Supreme Court denied transfer on October 16, 2014. (DE 9-4.) White states that he placed his federal habeas petition in the prison mailing system ninety-nine (99) days later, on January 23, 2015. (DE 1 at 18.) If White placed his petition in the prison mailing system on January 23, 2015, he filed it 1 day after the statute of limitations period expired.

4

The statute of limitations is tolled for that period during "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S.4 (2000). Citing to *Dowell v. State*, 922 N.E.2d 605 (Ind.), White argues in his traverse[1] that this court should accept the date he submitted his state post-conviction petition to prison officials for mailing, instead of the date it was file marked by the state court clerk. (DE 10 at 5.) By doing this, the statute of limitations would have been tolled for a longer period of time, and his federal habeas petition would be timely.

The date White's state post-conviction petition was "filed" for purposes of 28 U.S.C. § 2244(d)(2) requires the court to look to state law. *See Simms v. Acevedo*, 595 F.3d 774, 777 (7th Cir. 2010). White is correct that Indiana has adopted a version of the prison mailbox rule. *Dowell v. State*, 922 N.E.2d 605 (Ind. 2010); *see also Ray v. Clements*, 700 F.3d 993 (7th Cir. 2012) (mailbox rule applies to a *pro se* prisoner's post-conviction filings unless the state where the prisoner was convicted has clearly rejected the rule). However, he does not appreciate that Indiana's version is far different than the federal prison mailbox rule, which "established a 'bright-line rule' that a pro se prisoner files a [document in federal court] at the moment the prisoner delivers it to a prison official for mailing to the court. *Houston v. Lack*, 487 U.S. 266, 275-76 (1988); *Ray*, 700 F.3d at 1002.

---

[1] Notably, in his section 2254 petition he acknowledged that the state post-conviction petition was filed on September 10, 2009. (DE 1 at 17.) Only after he realized his federal petition was untimely did he raise this issue.

5

As the Indiana Supreme Court outlined in *Dowell*, the INDIANA RULES OF TRIAL PROCEDURE expressly define when a document is deemed "filed" in the trial court.[2] *Dowell,* 922 N.E.2d at 609. The TRIAL RULES provide that a document is "filed" when it is physically delivered to the clerk of court; sent by electronic transmission pursuant to local rules; delivered by a third-party commercial carrier; or "mail[ed] to the clerk by registered, certified or express mail return receipt requested." *Id.* (*citing* IND. TR. R. 5(F).) As the Indiana Supreme Court explained, "[t]he gist of this is that when a party transmits by an independently verifiable means (like registered mail or third-party carrier), the filing is deemed to have occurred upon mailing or deposit. When other means are used, filing occurs on the date the filing is in the hands of the clerk." *Id.* at 609. Accordingly, when a prisoner uses regular mail rather than certified or registered mail, his document is deemed filed on the date it was received by the clerk, not the date he tendered it to the prison for mailing. *Id.*

Here, White has done nothing more than provide the court with a copy of his petition for post-conviction relief. (See DE 10-1.) He has not provided any evidence or argument showing that he satisfied the demands of *Dowell* or TRIAL RULE 5(F). He has not shown, or even argued, that he sent his petition for post-conviction relief "by electronic transmission pursuant to local rules; delivered by a third-party commercial carrier; or "mail[ed] to the clerk by registered, certified or express mail return receipt

---

[2] The INDIANA RULES OF TRIAL PROCEDURE apply to "all suits of a civil nature whether cognizable as cases at law, in equity, or of statutory origin." IND. TR. R. 1. This includes post-conviction proceedings. *Bunch v. State*, 778 N.E.2d 1285, 1288 (Ind. 2002) ("[T]he Trial Rules apply to post-conviction relief proceedings.")

requested." Accordingly, his post-conviction petition was not deemed "filed" until the date it was received by the clerk in September 10, 2009. *Dowell*, 922 N.E.2d at 609.

The Seventh Circuit Court of Appeals strictly applies the one year limitations period in order to effectuate the purposes of Congress. *See Modrowski v. Mote*, 322 F.3d 965 (7th Cir. 2003) (affirming district court's dismissal of section 2254 petition filed one day late); *see also United States v. Marcello*, 212 F.3d 1005 (2000) (upholding dismissal of section 2255 petition as untimely because it was one day late). As the court has previously noted, "[f]oreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere, [and] statutes of limitations protect important social interests . . .." *Marcello*, 212 F.3d at 1010. Thus, White's petition is untimely and is procedurally defaulted.[3]

A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008), *cert. denied*, 129 S. Ct. 2382 (2009). Cause sufficient to excuse procedural default is defined as "some objective factor external to the defense" which prevented a petitioner

---

[3]Timeliness aside, it cannot go unnoticed that White's ineffective assistance of counsel claims are without merit. Two of White's three ineffective assistance claims are procedurally defaulted. As the respondent points out, (DE # 9, 8-12), White never raised the claim that his trial counsel was ineffective for failing to introduce evidence of petitioner's domicile to the Indiana Supreme Court. *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001). Similarly, White did not raise the claim in his amended petition for post-conviction relief that his trial counsel was ineffective for failing to object to a jury instruction on self-defense. *Coleman v. Thompson*, 501 U.S. 722, 729-32 (1991). The non-defaulted claim is that White's attorney was ineffective for failing to challenge the State's alleged use of false testimony. However, as the respondent fully explained, (DE# 9 at 13-20) the Indiana Court of Appeals correctly applied established federal law in resolving that claim, and habeas relief is foreclosed. 28 U.S.C. § 2254(d).

7

from pursuing his constitutional claim in state court. *Murray v. Carrier*, 477 U.S. 478, 492 (1986). Here, as White fails to acknowledge his untimely filing, he does not point to any cause or resulting prejudice.

A habeas petitioner can also overcome a procedural default by establishing that the Court's refusal to consider a defaulted claim would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006). To meet this exception, the petitioner must establish that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A petitioner who asserts actual innocence "must *demonstrate* innocence; the burden is his, not the state's[.]" *Buie v. McAdory*, 341 F.3d 623, 626-27 (7th Cir. 2003) (emphasis in original). Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). White never claims that his is actually innocent, and his arguments do not suggest an actual innocence claim. Consequently, the court finds that he has not shown a fundamental miscarriage of justice. Because White has not met his burden of establishing cause and prejudice to excuse his procedural default or that the failure to consider the claim would result in a fundamental miscarriage of justice, these claims are procedurally defaulted and cannot be reviewed on their merits.

As a final matter, pursuant to RULE 11 of the RULES GOVERNING SECTION 2254 CASES, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability,

the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). For the reasons fully explained above, White's claims are procedurally defaulted, and he has not provided any meritorious basis for excusing his default. As such, jurists of reason would not debate the outcome of the petition or find a reason to encourage him to proceed further. Accordingly, the court declines to issue White a certificate of appealability.

For these reasons, the petition (DE # 1) is **DENIED** and White is **DENIED** a certificate of appealability. The clerk is **DIRECTED** to close this case.

**SO ORDERED**.

Date: November 3, 2016

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT